DELGADO *v.* THE DISTRICT COURT OF MAYAGÜEZ.

APPLICATION for a writ of *certiorari.*

No. 8.—Decided May 26, 1905.

CERTIORARI—ACTS PERFORMED BY A MARSHAL.—The Supreme Court may review on *certiorari* proceedings the acts performed by a marshal if the same have been made to appear in the record of the case.

ID.—ORDINARY, ADEQUATE, AND EFFECTUAL REMEDY.—The writ of *certiorari* will not issue in cases where there is an adequate and effectual remedy in the ordinary proceeding provided by law.

ID.—CASES IN WHICH THE PETITICNER WAS NOT A PARTY TO THE PRINCIPAL ACTION.—Only in very extraordinary cases will the Supreme Court issue a writ of *certiorari* on the petition of a person who has not been a party to the suit, the review of which is sought to be obtained.

ID.—DEFENDANT IN CERTIORARI PROCEEDINGS.—In *certiorari* cases the proceedings should be prosecuted against the judge of the court having cognizance of the suit, the review of which is sought by the defendant.

ID.—APPEAL.—An appeal and not the writ of *certiorari* is the proper and adequate remedy to correct errors committed in an ordinary proceeding, and in order that a party who believes his rights to have been infringed upon by virtue of an illegal and defective proceeding, may avail himself of the benefits of the writ of *certiorari,* he must show that he has exercised due diligence in the defense of his rights or that he cannot obtain effective relief in an ordinary proceeding.

The facts are stated in the opinion.

*Mr. Fernando Vázquez,* for applicant.

Mr. JUSTICE WOLF delivered the opinion of the court.

This is an application for a writ of *certiorari*. The application was made by Clotilde Delgado as tutor of certain named minors. She complains that the proceedings had in the District Court of Mayagüez in the suit of Leopoldo Cabassa against the Sucesión de Don Diego García Saint Lourent, which suit is now terminated, are null and void. It does not appear that Clotilde Delgado was a party to the suit of Cabassa against the said *sucesión*.

The petitioner also complains of certain sales made by the marshal in pursuance of the alleged illegal judgment, and that the marshal himself has acted illegally. It does not appear in her petition that the illegal acts of the marshal are a part of the record, and unless they are this court cannot review the same by a writ of *certiorari*. Furthermore, the law gives her an ample remedy against the marshal in case he has proceeded in violation of the law.

The principal objection, however, to the granting of this writ is that it does not appear that the petitioner at any time sought to intervene in the proceedings instituted against her wards, nor has she attempted by any other proceeding in the District Court of Mayagüez to protect the alleged rights of those of whom she alleges she stands in representation.

Furthermore, if the proceedings below are null and void no person purchasing under an execution sale could acquire a title, and if the goods of her wards are actually taken she can find a remedy in the ordinary course of the law. This court, in the case of *Arsenio L. Arpín* v. *Judge Ramos,* decided on the 3d of April, 1905 (Porto Rico Rep.), that the court will not grant a writ of *certiorari* where there is a plain and adequate remedy in the ordinary course of the law. It must, besides, be a very extraordinary case which would permit this court to review proceedings when the application for such review is made by one who was not a party to the suit.

It is to be noted, too, that Leopolda Cabassa is made the defendant to the *certiorari* suit, and that while it is re-

quested that the court of Mayagüez shall act in the matter the petition is not directed against the judge of that court.

In the ordinary suit where errors are committed the proper way to correct them is by appeal. If proceedings are null and void, or even defective by reason of the lack of proper parties, the party who finds himself in peril, by reason of illegal and defective proceedings, must not stand idly by and then expect that the court of highest resort in the Island will come to his rescue. In order to entitle a person aggrieved to the benefit of this writ he must show that he has been ordinarily diligent or that he can obtain no adequate relief in the ordinary courts of law.

For these reasons the application for writ of *certiorari* must be denied.

*Denied.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.